Mr, Justice Johnson
delivered the opinion of the court:
1st. As to the motion for a new trial.
Tne genei.d ru’e is, that it is not necessary to aver in an indictment any fact or circumstance which is not a constituent part of the r Sen co charged ; and if they are slated, the} are regarded as surplusage and need not be proved, (1 Chitty, Crim. Law, 157, 232.) This rule applies with all its force to the objection that it was not proved that the child was likely to become a charge to the district. On looking into the act on this subject, (1 Brevard, 67,) it will be found that proof of that fact.is necessary, only when the mother of the child is brought before a magistrate.on the information of some other person. In that case, the informant must state that the child is likely to become a charge on the district, not as it has been insisted, as a constituent part of the charge against the defendant, but to authorize the magistrate to issue his warrant to apprehend the defendant.
In relation to the objection that it,was not proved that the defendant had refused to enter into recognizance-, it - appears to me unnecessary to consider it in reference' to the general doctrine, as the act itself has pointed out the only fact to be tried. The act provides that when the person charged with being the father, is brought before the magistrate, if he shall admit that he is the father, and is able (o give the security required, but refuses to do so, then he is to be committed until he does so. But if he is unable to comply with the requisitions of the act, “ or should he deny that he is the father of the said child or children, then, and in that case, a jury shall be charged either in the Court of Sessions or Common Pleas, to try the question whether the person so accused, is or is not the father of such child or children.”
The only question authorized to be tried by the act, therefore, is whether the defendant is or is not the father of the child, and the averment that he had refused to enter into recognizance, is immaterial and unnecessary to be proved. It is not to be understood that a defendant could *301 be indicted and convicted after he had entered into the recognizance required by the act. On the contrary, I think, it would be a good bar to the prosecution. All the power the court has over the subject is derived from the act, and that is confined to the trial of a single issue when it becomes necessary in the cases specifically stated, and it is incumbent on the defendant to exhibit any thing which he may deem necessary to his defence.
Qoodwyn Holmes, for the motion,:
Jeter, Sol’r. contra.
This view of the case supersedes the necesity of considering the motion in arrest of judgment. The averment that he had refused to enter into recognizance, was immaterial and is rejected as surplusagej and consequently any informality in setting out the condition follows it.
The motion is refused.
Justices Richardson, Colcock, Hager and Gantt, concurred.